## In re PRIME MOTOR INNS, INC., et al., Debtors.

## In re SERVICO, INC., et al., Debtors.

## PRIME MOTOR INNS, INC., and Prime Management Co., Inc., Plaintiffs,

v.

## FIRST FIDELITY BANK, N.A., NEW JERSEY and Manufacturers Hanover Trust Company, Defendants.

Bankruptcy No. 90–16604–BKC–AJC. Adv. No. 90–0504.

United States Bankruptcy Court, S.D. Florida.

Oct. 30, 1990.

Dennis J. O'Grady, Riker, Danzig, Scherer, Hyland & Perretti, Morristown, N.J. and David M. Levine, McDermott, Will & Emery, Miami, Fla., for defendant First Fidelity Bank, Nat. Ass'n, New Jersey, as Indenture Trustee; Brian Gart, Greenberg, Traurig, Hoffman, Lipoff, Rosen & Quentel, P.A., Miami, Fla. and Curtis A. Johnson, McCarter & English, Newark, N.J., for defendant First Fidelity Bank, Nat. Ass'n, New Jersey as Issuer of Letter of Credit.

William J. Rochelle, Fulbright Jaworski & Reavis McGrath, New York City and Robert B. Glenn, Glenn, Rasmussen, Fogarty Merryday & Russo, Tampa, Fla., for plaintiffs/debtors.

Robert Soriano, Carlton, Fields, Ward, Emmanuel, Smith & Cutler, Tampa, Fla., for defendant Mfrs. Hanover Trust Co.

Alan Appelbaum, Cleary, Gottlieb, Steen & Hamilton, New York City, Ann Acker, Chapman & Cutler, Chicago, Ill., and John Genovese, Holland & Knight, Miami, Fla., for movant/intervenor Smith Barney, Harris Upham & Co., Inc.

ORDER SUPPLEMENTING MEMORANDUM OPINION AND ORDER GRANTING PRELIMINARY INJUNCTION DATED OCTOBER 18, 1990

A. JAY CRISTOL, Bankruptcy Judge.

Upon the Motion (the "Motion") of Prime Motor Inns, Inc. and Prime Management Co., Inc. (collectively "Prime") seeking entry of a temporary restraining order and preliminary injunction (the "Supplemental Relief") supplementing the Court's Memorandum Opinion and Order Granting Preliminary Injunction dated October 18, 1990, 123 B.R. 104, (the "Order"), *inter alia*, (a) directing First Fidelity Bank, National Association, New Jersey, in its capacity as the Indenture Trustee (the "Indenture Trustee") to return the proceeds of certain letters of credit, as more particularly described in the Verified Complaint (the "Letters of Credit") to Manufacturers Hanover Trust Company ("MHT") and First Fidelity Bank, National Association, New Jersey ("First Fidelity"), as issuers of the Letters of Credit (the "Letters of Credit Issuers"); (b) directing the Letters of Credit Issuers to reinstate the Letters of Credit as they existed as of the filing of these Chapter 11 cases on September 18, 1990; and (c) reinstating the indentures, loan agreements, reimbursement agreements, and deaccelerating the bonds, as more particularly de-

scribed in the Verified Complaint (the "Bonds"), *inter alia,* to the same force and effect they enjoyed pre-petition, notwithstanding Prime's filing its Chapter 11 petitions and directing all parties thereto to fully perform thereunder; and telephonic notice of the Motion having been given to counsel to the Indenture Trustee, First Fidelity and MHT; and no other notice of the Motion for the Supplemental Order need be given; and after a hearing held before the Court by telephone conference on October 25, 1990, with the appearances and positions of the aforesaid parties in support of and in opposition thereto having been noted on the record thereof; and the Court having further found that its findings of facts and conclusions of law as set forth in its Order are applicable to the Motion and justify the Court's construing the relief sought by Prime as a request for a Supplemental Order; and sufficient cause appearing therefor;

IT IS ORDERED that:

(a) The Indenture Trustee is directed forthwith to return the proceeds of the Letters of Credit including interest earned thereon, to the Letters of Credit Issuers, with such proceeds and interest being first applied by the Letters of Credit Issuers to principal and then to interest owing on account of the draws of the Letters of Credit;

(b) the Letters of Credit Issuers are directed to reinstate the Letters of Credit in such form as they existed as of the date of the filing of these Chapter 11 cases on September 18, 1990;

(c) the indentures pursuant to which the Bonds were issued shall be deemed in full force and effect (but no event of default due solely to the Chapter 11 filing of Prime shall exist), with the Indenture Trustee authorized and directed to effect the payment of interest, principal and premium, if any, to the holders of the Bonds in accordance with the terms of the respective indentures and in the same form and manner which characterized the operation of the indentures pre-petition;

(d) that the indentures, loan agreements, reimbursement agreements and the Bonds shall be and be deemed reinstated to the same force and effect as they existed as of the date of the filing of Prime's chapter 11 cases on September 18, 1990 and the respective parties thereto shall be authorized to fully perform their obligations and shall retain any and all of their rights as specifically set forth therein, including but not limited to: (i) Prime's obligations, to make payments of principal, interest and premium for payment on the Bonds to the Indenture Trustee, as the same become due; (ii) the Indenture Trustee's obligations to apply such payments received from Prime to the payment of principal, interest and premium on the Bonds; (iii) the Indenture Trustee's rights to draw upon the Letters of Credit in order to make the payment of the principal, interest and premium including the payment of any tender price due the Bondholders in accordance with the terms of the Bonds in the event that payments received form Prime are insufficient to pay the Bonds in accordance with their terms; and (iv) Prime's obligations to make payments to any Letters of Credit Issuers to reimburse such Letters of Credit Issuers for any draws under the Letters of Credit as contemplated by the reimbursement agreements between Prime and such Letters of Credit Issuers; and it is further

ORDERED that upon notice to Prime by MHT and/or First Fidelity of the amount of unpaid interest owed to MHT and/or First Fidelity on account of the draws on the letters of credit issued by MHT and/or First Fidelity, after application by MHT and/or First Fidelity of the proceeds and interest earned thereon received from the Indenture Trustee, Prime shall pay the unpaid interest owed to MHT and/or First Fidelity; provided, however, that such payment shall be without prejudice to any and all of Prime's rights, claims and defenses including the right, if any, to recover or offset such payment, plus interest, against the Indenture Trustee, the bondholders and/or any other responsible party; and it is further

ORDERED that this Court's Memorandum Opinion and Order dated October 18, 1990 be and the same is hereby vacated to

incorporate the provisions of this Supplemental Order and the Memorandum Opinion and Order of October 18, 1990, together with the provisions of the Supplemental Order, be and the same are hereby determined to be the Order of the Court with respect to Prime's application for a preliminary injunction in this adversary proceeding.

DONE AND ORDERED.